IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

BEATRICE BUTLER,                )
                                )
            Plaintiff,           )
                                )
                                )  CIV-14-449-HE
v.                              )
                                )
CAROLYN W. COLVIN,              )
    Acting Commissioner of Social )
    Security Administration,    )
            Defendant.           )

REPORT AND RECOMMENDATION

On May 2, 2014, Plaintiff, appearing *pro se* and *in forma pauperis*, filed this action seeking to appeal the final decision of the Commissioner denying her application for Title II and/or Title XVI benefits under the Social Security Act. The matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. §636(b)(1)(B).

Under 42 U.S.C. § 405(g), an individual may challenge an unfavorable decision by the Commissioner by filing a timely request for review in the appropriate federal district court. The time limitation for filing such an appeal is "within sixty days after the mailing to [the claimant] of notice of such decision or within such further time as the Commissioner of Social Security may allow." 42 U.S.C. § 405(g).

Before the Court is Plaintiff's response to the Court's Order entered May 9, 2014.

1

The Order (Doc. # 6) advised Plaintiff that the record indicated her action seeking review of the final decision of the Commissioner was not timely filed in this Court. The Order directed Plaintiff to provide information as to whether or not she was granted an extension of time to file her action in this Court or, in the absence of an extension of time, show cause why her action should be deemed timely filed under equitable tolling principles.

Absent any showing to the contrary, the Court must presume under 20 C.F.R. §422.210(c) that Plaintiff received the Notice of Appeals Council Action on February 23, 2014, five days after February 18, 2014, the date appearing on the Notice. Complaint, att. 2. Therefore, pursuant to 42 U.S.C. § 405(g) and 20 C.F.R. § 422.210(c), the 60-day limitations period began the following day, on February 24, 2014, and expired on April 25, 2014, a week before Plaintiff filed her Complaint on May 2, 2014.

Under 28 U.S.C. § 404.982 and § 416.1482,

> [a]ny party to the Appeals Council's decision or denial of review . . . may request that the time for filing an action in a Federal district court be extended. The request must be in writing and it must give the reasons why the action was not filed within the stated time period. The request must be filed with the Appeals Council . . . . If you show that you had good cause for missing the deadline, the time period will be extended. To determine whether good cause exists, [the agency uses] the standards explained in [28 C.F.R.] § 404.911.

28 U.S.C. §§ 404.982, 416.1482. Plaintiff does not allege, and nothing in the record shows, that she requested and received an extension of time from the Commissioner to file her appeal in this Court. Because the decision whether to grant an extension lies within the discretion of the Commissioner, acting through the Appeals Council, this Court may not

2

review the merits of Plaintiff's appeal if her complaint is untimely filed.

The sixty-day filing requirement operates as a statute of limitations, not a jurisdictional bar. Bowen v. City of New York, 475 U.S. 467, 478 (1986). Thus, the 60-day filing requirement may be extended through the application of equitable tolling principles. Id. at 480. The provision must, nevertheless, be "strictly construed" as it is a condition on the waiver of the government's sovereign immunity. Id. at 479. "Federal courts have typically extended equitable relief only sparingly . . . . in situations where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or where the claimant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass." Irwin v. Dep't of Vet. Affairs, 498 U.S. 89, 96 (1990).

In her response, Plaintiff asserts that she relied on the advice of her former attorney, Ms. Polly Murphy, that she had until May 2, 2014, to timely file her action. Plaintiff states that she received this advice "at the end of April 2014," Response, at 4, and that she also had been informed by letter that Ms. Murphy would not represent her in attempting to appeal the Commissioner's final decision. Plaintiff does not provide the necessary information concerning when Ms. Murphy represented her or when the representation ended.

Plaintiff states that another attorney whom she does not identify also advised her that the attorney would not represent her in pursuing an appeal in this Court. Plaintiff does not identify this second attorney or provide the necessary information concerning dates on which the attorney may have represented Plaintiff.

With respect to the issue of equitable tolling, Plaintiff vaguely asserts that she is ill

but provides no specific information from which to ascertain the presence or severity of any particular illness. The Notice of Appeals Council Action clearly advised Plaintiff that she had 60 days to file her appeal in federal district court, that the 60-day limitation period would begin the day after she received the Notice, and that such receipt was presumed to be five days after the date of the Notice. Plaintiff does not contend that it took longer than five days for her to receive the Notice of Appeals Council Action. Under these circumstances, Plaintiff's reliance on her attorney's mistaken estimation of the filing deadline does not provide compelling evidence for the application of equitable tolling to extend the filing deadline. Plaintiff has not provided an adequate and specific explanation as to why she was able to file her action on May 2, 2014, but not by the deadline of April 25, 2014. Therefore, Plaintiff's action should be dismissed without prejudice on the basis of lack of jurisdiction.

## RECOMMENDATION

In view of the foregoing findings, it is recommended that judgment enter DISMISSING the action without prejudice for lack of jurisdiction. Plaintiff is advised of her right to file an objection to this Report and Recommendation with the Clerk of this Court on or before <u>     June 24th     </u>, 2014, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72. The failure to timely object to this Report and Recommendation would waive appellate review of the recommended ruling. <u>Moore v. United States</u>, 950 F.2d 656 (10th Cir. 1991); <u>cf.</u> <u>Marshall v. Chater</u>, 75 F.3d 1421, 1426 (10th Cir. 1996)("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived.").

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter, and any pending motion not specifically addressed herein is denied.

ENTERED this __4th__ day of __June__, 2014.

GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE