# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

BEATRICE BUTLER,                          )
                                          )
                    Plaintiff,            )
v.                                        )          NO. CIV-14-0449-HE
                                          )
CAROLYN W. COLVIN,                        )
Acting Commissioner                       )
of Social Security Administration,        )
                                          )
                    Defendant.            )

## ORDER

Plaintiff Beatrice Butler, appearing *pro se* and *in forma pauperis*, filed this action

seeking to appeal the final decision of the Commissioner of the Social Security

Administration denying her application for Title II and/or Title XVI benefits under the Social

Security Act. Consistent with 28 U.S.C. § 636(b)(1)(B), the case was referred to Magistrate

Judge Gary M. Purcell, who recommends that the case be dismissed without prejudice for

lack of jurisdiction. As petitioner objected to the Report and Recommendation, the court has

conducted a de novo review of the magistrate judge's determination.

After a careful review, the court agrees the case should be dismissed as untimely filed.

As Judge Purcell noted, requests for judicial review of social security decisions must be

"commenced within sixty days after the mailing to [the claimant] of notice of such decision

or within such further time as the Commissioner of Social Security may allow." 42 U.S.C.

§ 405(g). The magistrate judge presumed under 20 C.F.R. 422.210(c) that plaintiff received

the notice of denial on February 23, 2014, five days after the notice was mailed to her on

February 18, 2014. The magistrate judge calculated that the 60-day window for plaintiff to

file her appeal commenced on February 24, 2014, and expired on April 25, 2014. Plaintiff

did not file this action until May 2, 2014. Because plaintiff's appeal was not timely filed, the

magistrate judge reasoned that the court lacked jurisdiction over the case, and recommended

that it be dismissed.

In her objection to the Report and Recommendation, plaintiff does not dispute the

magistrate judge's calculation of the filing deadline, but instead essentially argues that the

court should apply equitable tolling principles to extend the deadline. In support of this

argument, she alleges that her former attorney or attorneys misled her, which left her unable

to file the appeal before the expiration of the 60-day deadline. She asserts that her former

attorney or attorneys initially informed her that they would submit all the paperwork

necessary for her appeal, but then failed to do so. On this basis, plaintiff argues that the court

should extend the deadline and allow her appeal to move forward.[1]

As the magistrate judge noted, "[t]he sixty-day filing requirement operates as a statute

of limitations, not a jurisdictional bar." [Doc. #8, pg. 3] (citing Bowen v. City of New York,

476 U.S. 467, 478-79 (1986). Therefore, the deadline is subject to extension based on

principles of equitable tolling. *Id*. at 481-82. However, because the 60-day limit "is a

condition on the waiver of sovereign immunity," the provision "must be strictly construed."

*Id.* at 479. "Equitable tolling is an extraordinary remedy which is typically applied

---

[1]*Plaintiff moved for an extension of time [Doc. #3] on the same date that she commenced this case, suggesting she was aware by that date that the time to commence an appeal had passed. The magistrate judge then entered an order advising plaintiff of the need to make a more specific showing as to the basis for her delay [Doc. #6].*

sparingly." Steed v. Head, 219 F.3d 1298, 1300 (11th Cir. 2000) (citing Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 96 (1990)). "[T]he propriety of equitable tolling must necessarily be determined on a case-by-case basis." Hall v. United Parcel Serv., Inc., 101 F. App'x 764, 765-66 (10th Cir. 2004) (quoting Johnson v. United States Postal Serv., 861 F.2d 1475, 1481 (10th Cir.1988)).

Here, plaintiff relies on the alleged negligence of her attorneys as the basis for her missing the deadline—either their negligence in not filing appeal papers for her or negligence in not alerting her soon enough about the proper deadline. Such claimed negligence of counsel is, without more, an insufficient basis for invoking equitable tolling. "[T]he principles of equitable tolling . . . do not extend to what is at best a garden variety claim of excusable neglect." Irwin, 498 U.S. at 96; *see* Hall, 101 F. App'x at 766 ("Mere attorney negligence does not justify equitable tolling.") (quoting Steed, 219 F.3d at 1300)). In her objection, plaintiff concedes that she received the notice of denial and she does not dispute the calculation of the April 24, 2014, deadline. It also appears that she was aware "that timeliness was critical to preserving [her] claim." *Id.* "Moreover, it was [plaintiff's] own attorney who gave [her] incorrect information, not [her] employer, an agency, or the court." *Id.* Therefore, since plaintiff's appeal was not filed by the deadline and a sufficient basis for equitable tolling of that deadline has not been shown, the appeal was not timely filed.

The Report and Recommendation is adopted insofar as it concluded plaintiff's filing was untimely. Based on that conclusion, this case is **DISMISSED.**

**IT IS SO ORDERED**.

Dated this 26th day of June, 2014.

_____

JOE HEATON
UNITED STATES DISTRICT JUDGE